```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL RAY CARTER,              )
                                 )
            Plaintiff,           )
                                 )
      v.                         )     1:19-cv-00450
                                 )
STEVEN TERNER MNUCHIN, U.S.      )
SECRETARY OF TREASURY and        )
RONALD G. PENNY, SECRETARY OF    )
THE NORTH CAROLINA DEPARTMENT    )
OF REVENUE,                      )
                                 )
            Defendants.          )
```

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, Chief District Judge.

Before the court are the Defendants' motions to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). For the reasons set forth below, Defendants' motions will be granted and the complaint will be dismissed.

**I.  BACKGROUND**

Plaintiff Michael Ray Carter, proceeding *pro se*, sues Steven Terner Mnuchin, United States Secretary of the Treasury, and Ronald G. Penny, Secretary of the North Carolina Department of Revenue, in connection with a dispute over his taxes. Although the allegations of Carter's complaint are not entirely clear, he seeks "an injunction from the court to stop current wage garnishment

efforts so that he will not be further damaged until Defendant[s] correct their records," as well as "supervisory action processing his tax returns." (Doc. 1 at 5.) According to the complaint, Carter began demanding payment of "lawful money" and using such demands to reduce his federal adjusted gross income on his tax forms in in 2012. (Id. at 4.) He claims that these deductions reduced his income such that he does not owe state income taxes. (Id.) The Internal Revenue Service ("IRS") has continued to seek the taxes it contends Carter owes. Carter's employer has been instructed by the North Carolina Department of Revenue to begin garnishing his wages to recover his taxes. It is not clear from the complaint whether the wage garnishment is intended to satisfy state or federal taxes. Regardless, Carter seeks an injunction to end these garnishment efforts. (Id. at 5.)

The United States, on behalf of Secretary Mnuchin, and Secretary Penny filed separate motions to dismiss. (Docs. 7, 8, 12.) The court issued Carter a Roseboro notice[1] for each filed motion, indicating that he had a right to file a 20-page response and that his failure to do so would likely result in his case being dismissed. (Docs. 10, 14.) In response to the first Roseboro notice, Carter filed a supplement to his complaint containing copies of his tax returns for 2017 and 2018, as well as copies of

---

[1] See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

the IRS's notice of penalty charges with "REFUSED FOR CAUSE" written on them -- presumably by Carter himself. (Doc. 11.) Carter did not attach any reply brief and provided no additional legal argument to these supplemental documents. He has filed no response to the Defendants' motions to dismiss since then, and the time for doing so has expired.

**II. ANALYSIS**

    **A. Legal Standard**

Even though Defendants' motions to dismiss are unopposed and can ordinarily be granted on that basis, see Local Rule 7.3(k), the court must satisfy itself that the motions are merited. See Gardendance, Inc. v. Woodstock Copperworks, Ltd., 230 F.R.D. 438, 448 (M.D.N.C. 2005); see also Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). When

a defendant argues that a complaint fails to allege any facts establishing subject-matter jurisdiction, a 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction is evaluated under the same standard of review as a 12(b)(6) motion to dismiss. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Carter is proceeding *pro se* and is entitled to a liberal construction of his pleading; however, this does not mean the court may ignore clear defects in pleading, Bustos v. Chamberlain, No. 3:09-1760-HMH-JRM, 2009 WL 2782238, at *2 (D.S.C. Aug. 27, 2009), nor may it "conjure up questions never squarely presented in the complaint." Brice v. Jenkins, 489 F. Supp. 2d 538, 541 (E.D. Va. 2007) (internal quotation marks and citation omitted).

   **B. United States**

The United States first contends that it, not its officers and employees, is the proper defendant in this action. The Government is correct. Thus, Secretary Mnuchin is not a proper defendant here. Coble v. Wilkins, No. 1:11-cv-211, 2012 WL 665976, at *1 (M.D.N.C. Feb. 29, 2012), adopted by Coble v. Wilkins, 2012 WL 1450047 (M.D.N.C. Mar. 20, 2012), aff'd, 475 F. App'x 17 (4th Cir. 2012) (per curiam) (unpublished opinion).

The United States argues that Carter's claim to prevent the collection of taxes is barred by the Anti-Injunction act, 26 U.S.C.

§ 7421(a).[2]  That section establishes that, except under certain situations not at issue here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court . . . ."  26 U.S.C § 7421(a).[3]  The court clearly lacks jurisdiction insofar as Carter seeks to stop the federal government's efforts to recover his tax payments.  <u>Judicial Watch, Inc. v. Rossotti</u>, 317 F.3d 401, 405 (4th Cir. 2003) ("The effect of the [Anti-Injunction] Act is simple and obvious: courts lack jurisdiction to issue injunctive relief in suits seeking to restrain the assessment or collection of taxes.")  Therefore, Carter's claims against the United States will be dismissed for lack of jurisdiction.

**C.    North Carolina**

Defendant Penny seeks dismissal of Carter's claims under similar grounds.  He correctly argues that Carter's claim should be construed as an official capacity claim and thus one against the State of North Carolina itself.  <u>Fordham v. Keller</u>, No. 1:13-

---

[2] The United States initially interprets Carter's complaint as seeking a tax refund and argues that Carter has not met the requirements for such an action under 26 U.S.C. § 7422.  Although the court does not read his claim in this way (Doc. 1 at 5), to the extent Carter seeks a refund, he has not shown he has complied with the relevant statutory provisions such that the United States can be considered to have waived sovereign immunity.  The court therefore lacks jurisdiction to decide this claim.

[3] Although the United States makes this argument pursuant to Rule 12(b)(6), this court has interpreted arguments under 26 U.S.C. § 7421(a) as jurisdictional and therefore considers the argument under Rule 12(b)(1).  <u>See</u> <u>Carter v. Lew</u>, No. 1:13-cv-220, 2013 WL 7019149, at *1 (M.D.N.C. Oct. 22, 2013).

5

cv-617, 2017 WL 1091876, at *8 (M.D.N.C. Mar. 22, 2017). The Eleventh Amendment prohibits actions in federal court by individuals against a state unless either the state has waived immunity or Congress has abrogated immunity. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). Nowhere in his complaint does Carter allege a waiver of immunity by the State or an abrogation of immunity by Congress. Any claims against the State must therefore be dismissed as a matter of law because sovereign immunity bars Carter's claims.

**III. CONCLUSION**

For the reasons stated, the court finds that it lacks jurisdiction to decide Carter's claims.

IT IS THEREFORE ORDERED that the Penny's motion to dismiss (Doc. 7) and the United States' motion to dismiss (Doc. 12) are GRANTED, and the complaint is DISMISSED WITHOUT PREJUDICE.

/s/   Thomas D. Schroeder
United States District Judge

October 29, 2019